# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VALLIER,<br><br>               Plaintiff,<br><br>     v.<br><br>KEN CLARK, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:07-cv-00520-LJO-SMS PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

      Plaintiff David Vallier ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 3, 2007. Plaintiff is incarcerated at California State Prison-Corcoran. Plaintiff alleges that his rights under the United States Constitution were violated in conjunction with the issuance of Rules Violation Report for battery on an inmate with serious bodily injury, and the finding of guilt on the charge, which resulted in the forfeiture of three-hundred sixty days of time credits. (Doc. 1, pg. 21.) Plaintiff seeks money damages and equitable relief, including the restoration of time credits and immediate release from custody.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
5  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
6  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
7  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
8  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
9  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
10 if it is clear that no relief could be granted under any set of facts that could be proved consistent with
11 the allegations. Id. at 514.

12       In this instance, plaintiff is challenging the events relating to the disciplinary charge against
13 him and the disciplinary hearing at which he was assessed a time credit forfeiture. "[A] state
14 prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages
15 or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or
16 internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity
17 of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248
18 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok,
19 520 U.S. 641, 648 (1997). Because the finding of guilty affects the length of plaintiff's sentence,
20 his claim is barred under section 1983 until such time as he invalidates the result of the disciplinary
21 hearing via the prison's administrative remedy process or a petition for writ of habeas corpus relief.
22 Id.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  For the foregoing reason, this action is HEREBY DISMISSED, without prejudice, for failure
2  to state a claim upon which relief may be granted.  This dismissal shall count as a strike pursuant to
3  28 U.S.C. § 1915(g).

5  IT IS SO ORDERED.
6  **Dated:    June 18, 2007**                          /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE